# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

FILED
CHARLOTTE, NC

JUL 30 2026

US DISTRICT COURT
WESTERN DISTRICT OF NC

Bakeer Dawkins
    Plaintiff

v.

Complaint

Civil Action No. 1:26-cv-217-MR

Jury Trial Demanded

Officer Sergio Gragg, individually;
Sergeant Hensley, individually;
Officer Shane (last name unknown), individually;
Officer Lowman, individually;
Investigating Officer John Doe, individually;
John Doe Correctional Officer #1, individually;
John Doe Correctional officer #2, individually;

## I. COMPLAINT

Plaintiff Bakeer Dawkins, Pro se, for his complaint state as follows:

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment.

2. Plaintiff alleges that Defendants deprived him of constitutionally required procedural protections during a prison disciplinary proceeding by denying him notice and an opportunity to defend himself, preparing or relying upon allegedly false disciplinary documents, and obtaining a guilty finding without allowing Plaintiff to exercise his procedural rights.

1 of 9

3. Plaintiff further alleges that the disciplinary conviction resulted in significant sanctions, including the loss of money from his inmate trust account, placement in Restrictive Housing for Disciplinary Purposes (RHDP), suspension of numerous privileges, spending restrictions, and a gang-affiliation designation.

## II. PARTIES, JURISDICTION and VENUE

4. Plaintiff, Bakeer Dawkins was confined in the North Carolina Department of Adult Correction at Foothills Correctional Institution, (state prison) located at 5150 Western Ave., in the city of Morganton, in the state of North Carolina from July, 2025 to July of 2026. Plaintiff is currently confined at Tabor Correctional Institution, 4600 Swamp Fox Hwy 904 West, Tabor City, N.C. 28463

5. Plaintiff, Bakeer Dawkins is, and was at all times mentioned herein, an adult citizen of the United States and a resident of the state of North Carolina.

6. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343 because this action arises under the Constitution and laws of the United States.

7. Venue is proper in the Western District of North Carolina because all events giving rise to this action occurred at Foothills Correctional Institution in Morganton, North Carolina.

2 of 9

8. Defendant Officer Sergio Gragg was employed as a Correctional officer at Foothills Correctional Institution.

9. Defendant Sergeant Hensley was employed as a correctional sergeant at Foothills Correctional Institution.

10. Defendant Officer Lowman was employed as a correctional officer at Foothills Correctional Institution.

11. Defendant Officer Shane (last name presently unknown) was employed as a correctional officer at Foothills Correctional Institution.

12. Defendant Investigating officer John Doe is the correctional employee who conducted the disciplinary investigation.

13. John Doe Correctional Officers #1 and #2 are the unidentified staff members who allegedly witnessed Plaintiff's purported refusal to sign disciplinary forms. Their identities are presently unknown.

14. Plaintiff request leave to substitute all John Doe defendant's names after discovery.

III. Previous Lawsuits by Plaintiff

15. Plaintiff has filed no other lawsuits dealing with the same facts involved in this action or otherwise relating to his imprisonment.

IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

16. North Carolina Department of Adult Correction Policy does not permit inmates to challenge disciplinary convictions through the ordinary grievance process.

17. Plaintiff exhausted the available administrative remedy by pursuing the disciplinary appeal process.

18. During his appeal Plaintiff advised reviewing officials that he had never been afforded the opportunity to exercise his disciplinary rights, that the disciplinary paperwork contained false statements regarding alleged refusal to sign forms, and that electronic housing records and surveillance video would corroborate his account.

19. Plaintiff also submitted canteen receipts which he contends reflected his housing assignment during the relevant time period.

20. Plaintiff disciplinary appeal was denied.

## V. STATEMENT OF CLAIM

21. At all relevant times herein, defendants were "persons" for purposes of 42. U.S.C. Section 1983 and acted under color of law to deprive plaintiffs of their constitutional rights, as set forth more fully below.

22. Fourteenth Amendment Procedural Due Process

23. Plaintiff incorporates all proceding paragraphs.

24. Plaintiff alleges Defendants deprived him of procedural due

process by failing to provide him with a meaningful opportunity to receive notice, review the charge, exercise the rights available in the disciplinary process, present evidence, request witnesses, request available video evidence, and participate in the hearing before sanctions were imposed.

25. Plaintiff further alleges that Defendants prepared or relied upon disciplinary documents stating that Plaintiff refused to sign forms or exercise rights when Plaintiff alleges no such opportunity was ever provided.

26. Plaintiff alleges that these actions resulted in the disciplinary conviction and sanctions below.

## VI. SANCTIONS

27. As a result of the disciplinary conviction, Plaintiff received:
a. Twenty days RHDP
b. Fifty hours extra duty
c. Ninety-day loss of canteen
d. Ninety-day loss of visitation
e. Ninety-day loss of recreation
f. Ninety-day loss of telephone privileges
g. Three months spending-draw limitation
h. Deduction of ten dollars from Plaintiff's inmate trust account
i. Gang-affiliation designation or validation consequences associated with the disciplinary finding.

5 of 9

## VII. STATEMENT OF FACTS

28. On June 12, 2026, Unit Manager Ms. Price informed Plaintiff that he had been charged with a major disciplinary offense that had been referred to the Disciplinary Hearing Officer.

29. At that time Ms. Price provided Plaintiff with a copy of the incident report.

30. Before June 12, 2026, Plaintiff alleges he had never been notified of the disciplinary charge.

31. Plaintiff further alleges that the investigating officer never interviewed him, never presented him with the DC-138 forms, never allowed him to request surveillance video, and never allowed him to submit documentary evidence.

32. On June 15, 2026, at approximately 6:30 A.M., Officer Shane came to Plaintiff's cell alone and asked whether Plaintiff wished to attend the disciplinary hearing.

33. Plaintiff immediately answered that he wished to attend.

34. Officer Shane stated that he would return to escort Plaintiff to the hearing.

35. Plaintiff alleges Officer Shane never returned.

36. Plaintiff further alleges that no other correctional officer returned to escort him to the hearing.

37. Later that afternoon Sergeant Hensley delivered paperwork informing Plaintiff that he had already been found guilty.

38. The disciplinary decision states that Plaintiff was found

guilty based upon reporting officer's statement and the investigating officer's report.

39. The disciplinary paperwork further states that Plaintiff refused to sign or complete DC-138 B and DC-138 G and that Sergeant Hensley and Officer Lowman witnessed those refusals.

40. Plaintiff alleges those statements are false because the forms were never presented to him.

41. The investigative paperwork also states Plaintiff refused to sign DC-138 A and DC-138 B during the investigation and that two unidentified staff members witnessed those refusals.

42. Plaintiff alleges those statements are also false because no investigating officer ever came to his cell to present those forms.

43. Plaintiff therefore alleges he never refused to sign documents that were never presented to him.

44. Plaintiff further alleges that these allegedly false statements deprived him of any meaningful opportunity to exercise the procedural protections provided during disciplinary proceedings.

45. The incident report states that on May 8, 2026, at approximately 1:16 p.m., officer Sergio Gragg searched cell EU3A-005 and discovered papers later determined to be gang-related.

46. The report identifies that cell as Plaintiff's assigned cell.

47. Plaintiff alleges that state is incorrect.

48. Plaintiff alleges that on May 8, 2026, he was assigned to cell DU3N-005 in general population.

7 of 9

49. Plaintiff further alleges he was not moved to cell EU3A-005 until approximately May 14, 2026, between 8:00 p.m and 9:00 p.m.

50. Plaintiff alleges that electronic inmate housing records maintained by the Department of Adult Correction will show his actual housing assignment on May 8, 2026.

51. Plaintiff further alleges surveillance video documenting inmate movement will show the date and time he entered EU3A-005.

52. Plaintiff alleges surveillance footage from June 15, 2026, will also show that correctional staff did not present disciplinary paperwork to him for signature before the hearing.

53. Plaintiff contends that had he been allowed to participate in the disciplinary process, he would have presented evidence that he was not housed in the searched cell on May 8, 2026.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully request that the Court:

A. Award nominal damages.

B. Award compensatory damages in an amount determined by the trier of fact.

C. Award punitive damages against each individual defendant whose conduct is proven to satisfy the applicable legal standard.

D. Award Plaintiff allowable taxable costs.

E. Award pre-judgment and post-judgment interest where authorized

8 of 9

F. Order reimbursement of the ten dollars deducted from Plaintiff's inmate trust account if the Court determines that deduction was imposed in violation of Plaintiff's Constitutional rights.

G. Grant any additional relief that the Court determines is just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by jury.

Signed this 24 day of July, 2026

Bakeer Dawkins
Plaintiff

I declare under penalty of perjury that the foregoing is true and correct.

Bakeer Dawkins
Plaintiff signature

July 24, 2026
DATE