**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:26-cv-00217-MR**

| | | |
|---|---|---|
| **BAKEER DAWKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| | ) | **<u>MEMORANDUM OF</u>** |
| | ) | **<u>DECISION AND ORDER</u>** |
| **SERGIO GRAGG, et al.,** | ) | **<u>ON INITIAL REVIEW</u>** |
| | ) | |
| **Defendants.** | ) | |
| ______________________________ | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1] filed under 42 U.S.C. § 1983, <u>see</u> 28 U.S.C. § 1915(e)(2); Plaintiff's Motion for Service of Process [Doc. 4]; and Plaintiff's Motion to Preserve Evidence [Doc. 4]. Plaintiff paid the filing fee.

## I. BACKGROUND

Pro se Plaintiff Bakeer Dawkins ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at the Tabor Correctional Institution in Tabor City, North Carolina. On July 30, 2026, he filed this action pursuant to 42 U.S.C. § 1983, based on alleged events at Foothills Correctional Institution in Morganton, North Carolina. [Doc. 1]. Plaintiff names the following Defendants: Officers Sergio Gragg, FNU Lowman, Shane LNU, John Doe #1, and John Doe #2; Sergeant FNU Hensley; and Investigating

Officer John Doe.[1] [Id. at 3]. Plaintiff sues the Defendants in their individual capacities only. [Id. at 1].

Plaintiff alleges as follows.

On May 8, 2026, Defendant Gragg searched cell EU3A-005 and discovered papers later determined to be gang-related. [Id. at 7]. The Incident Report incorrectly noted that Plaintiff was assigned to that cell. [Id.]. Plaintiff, however, was assigned to cell DU3N-005 at that time. [Id.]. Plaintiff was not moved to cell EU3A-005 until May 14, 2026. [Id. at 8].

On June 12, 2026, Unit Manager Price informed the Plaintiff that he had been charged with a major disciplinary offense that was referred to a Disciplinary Hearing Officer (DHO) and provided Plaintiff with a copy of the Incident Report. [Id. at 6]. The "investigating officer," presumably John Doe #3 and the author of the Incident Report, never interviewed the Plaintiff, never presented him with the "DC-138 forms," never allowed him to request surveillance video, and never allowed him to submit documentary evidence. [Id.]. The "investigative paperwork" falsely indicated that Plaintiff refused to sign the DC-138A and DC-138B forms during the investigation and that two unidentified staff members, presumably John Does #1 and #2, witnessed

[1] The Court will hereinafter refer to this Defendant as John Doe #3.

those refusals. [Id. at 7]. These forms, however, were never presented to Plaintiff. [Id.]. These false statements deprived Plaintiff of "any meaningful opportunity to exercise the procedural protections provided during disciplinary proceedings." [Id.].

On June 15, 2026, at approximately 6:30 a.m., Defendant Shane LNU came to Plaintiff's cell and asked whether he wished to attend the disciplinary hearing. Plaintiff responded that he did, and Defendant Shane LNU stated he would return to escort Plaintiff to the hearing. Defendant Shane LNU, however, never returned and no other correctional officer escorted Plaintiff to the hearing. Later that afternoon, Defendant Hensley delivered paperwork to the Plaintiff indicating that Plaintiff had already been found guilty. [Id. at 6]. The disciplinary decision indicated that Plaintiff was found guilty based on the reporting officer's statement and the investigating officer's report. [Id. at 6-7]. The disciplinary paperwork also falsely indicated that Plaintiff refused to sign or complete the DC-138B and DC-138G and that Defendants Hensley and Lowman witnessed those refusals. Plaintiff, however, was never presented with those forms. [Id. at 7]. Had Plaintiff been allowed to participate in the disciplinary process, he would have obtained and presented evidence that he was not housed in EU3A-005 on the date of the search. [Id. at 8].

Plaintiff claims violation of his Fourteenth Amendment due process rights.[2] [Id. at 1]. Plaintiff alleges that he was subject to various sanctions due to the disciplinary conviction, including 20 days in Restrictive Housing for Disciplinary Purposes (RHDP), a $10.00 fine, 50 hours extra duty, lost privileges, and a gang-affiliation designation. [Id. at 5]. For relief, Plaintiff seeks monetary relief and return of the $10.00 fine. [Id. at 8-9].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious[,] fails to state a claim on which relief may be granted [or] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal

[2] The Court will address those claims fairly raised by Plaintiff's Complaint.

law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

### A. Disciplinary Charges

To the extent Plaintiff seeks to state a claim based on false disciplinary charges, this claim appears to be barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court held as follows:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction and sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court

> determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

Id. at 485-87 (footnotes omitted). In Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the Heck rule to claims alleging constitutional deficiencies in prison disciplinary proceedings that have resulted in the loss of good time credits.

Here, if the Plaintiff were to prevail on a claim that any disciplinary charges were unfounded, that would necessarily imply the invalidity of the disciplinary convictions. See, e.g., Edwards, 520 U.S. at 646-47 (plaintiff's claims that he was denied the opportunity to put on a defense and that there was deceit and bias by the hearing officer would necessarily imply the invalidity of the disciplinary proceedings); Moskos v. Hardee, 24 F.4th 289 (4th Cir. 2022) (prisoner could not bring § 1983 due process claim that prison officials fabricated evidence so that plaintiff would be wrongfully convicted of prison disciplinary infractions, causing him to lose good-time credits, because the disciplinary conviction had not been invalidated). The Plaintiff, however, has not alleged that any disciplinary convictions have been reversed or otherwise invalidated. Therefore, any claim based on false disciplinary charges appears to be barred by Heck. Moreover, Plaintiff's constitutional rights are not implicated in any event by the alleged acts of

John Does #1 or #2 in falsely claiming that Plaintiff refused to sign certain forms.

## B. Due Process

Prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). Where a prison disciplinary hearing may result in loss of good time credits or solitary confinement, however, an inmate is entitled to certain due process protections. These include: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. See Wolff, 418 U.S. at 564-71. There is no constitutional right, however, to confront and cross-examine witnesses or to retain and be appointed counsel. See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004). If the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was

based on “some evidence.” Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455 (1985).

Taking Plaintiff’s allegations as true and giving him the benefit of every reasonable inference, he has nonetheless failed to state a due process claim against any named Defendant based on the conduct of the disciplinary proceedings. That is, while Plaintiff alleges that the disciplinary matter was referred to the DHO, he does not name the DHO as a Defendant or otherwise make allegations against this individual.[3] Rather, Plaintiff refers vaguely to the “disciplinary decision” and the “disciplinary paperwork.” Moreover, Plaintiff’s allegations demonstrate that Plaintiff was given advance written notice of the disciplinary charge and that the disciplinary decision was based on the reporting officer’s statement and the investigating officer’s report. As such, any due process claim must be based on Plaintiff’s alleged inability to call witnesses or present documentary evidence. Plaintiff again, however, does not name the DHO as a Defendant or otherwise attribute these failures to any named Defendant. That Defendant Shane LNU failed to retrieve Plaintiff for the hearing does not make out this element.

[3] To the extent Plaintiff intended to name the DHO as Defendant, Plaintiff may amend his Complaint to add any intended but unnamed Defendants. See Nichols v. Bumgarner, 173 F.4th 511, 519 (4th Cir. 2026) (holding that district courts “must help [pro se plaintiffs] remedy” their failure to name parties in the case caption if the body of the complaint indicates the plaintiff intended to sue the omitted parties).

Additionally, to establish liability under 42 U.S.C. § 1983, a plaintiff "must affirmatively show that the official charged acted personally in the deprivation of [his] rights." Williamson v. Stirling, 912 F.3d 154, 171 (4th Cir. 2018) (cleaned up); see Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). Mere knowledge of a deprivation is insufficient. Williamson, 912 F.3d at 171.

While Plaintiff alleges that Defendants Hensley and Lowman falsely claimed that Plaintiff refused to sign the DC-138B and DC-138G forms, he does not allege what those forms are, how they relate to the disciplinary process, or facts to show that these acts denied Plaintiff due process. Moreover, that Defendant Hensley delivered disciplinary paperwork to the Plaintiff does not support such a claim.

For these reasons, Plaintiff has failed to state a due process claim against any named Defendant. The Court, therefore, will also dismiss this claim.

## IV. PLAINTIFF'S PENDING MOTIONS

Plaintiff moves the Court to order the Defendants and the North Carolina Department of Adult Correction (NCDAC) to preserve certain evidence in this matter. [Doc. 5]. The Court will deny this motion. Plaintiff may send an evidence preservation letter to the Defendants and/or the

NCDAC notifying them of potential litigation and demanding that this evidence be preserved.

Additionally, the Court will deny Plaintiff's Motion for Service of Process [Doc. 4] as moot. Plaintiff is advised that if his amended Complaint passes initial review, the Court will automatically order the Clerk of Court to commence the procedure for waiver of service. No motion is necessary or appropriate.

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's Complaint fails initial review and will be dismissed without prejudice. The Court will allow Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to properly state a claim upon which relief can be granted in accordance with the terms of this Order. Any amended complaint will be subject to all timeliness and procedural requirements and will supersede the Complaint. Piecemeal amendment will not be permitted. Should Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court will dismiss this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Complaint fails initial review under 28 U.S.C. § 1915(e)(2) for Plaintiff's failure to state a claim for

relief and shall be **DISMISSED WITHOUT PREJUDICE** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Service of Process [Doc. 4] and Plaintiff's Motion to Preserve Evidence [Doc. 5] are **DENIED** in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to so amend his Complaint, the matter will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that all Defendants are hereby **DISMISSED** as Defendants in this matter.

The Clerk is respectfully instructed to mail Plaintiff a blank prisoner § 1983 form.

**IT IS SO ORDERED**.

Signed: September 5, 2026

Martin Reidinger
Chief United States District Judge