**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**
**1:26-cv-00217-MR**

| | | |
|---|---|---|
| **BAKEER DAWKINS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | |
| | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| **FNU LOWMAN, et al.,** | ) | **ON INITIAL REVIEW** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Amended Complaint [Doc. 7] filed under 42 U.S.C. § 1983, see 28 U.S.C. § 1915(e)(2). Plaintiff paid the filing fee in this matter.

## I. BACKGROUND

Pro se Plaintiff Bakeer Dawkins ("Plaintiff") is a prisoner of the State of North Carolina currently incarcerated at the Tabor Correctional Institution in Tabor City, North Carolina. On July 30, 2026, he filed this action pursuant to 42 U.S.C. § 1983, based on alleged events at Foothills Correctional Institution in Morganton, North Carolina. [Doc. 1]. Plaintiff named the following Defendants: Officers Sergio Gragg, FNU Lowman, Shane LNU, John Doe #1, and John Doe #2; Sergeant FNU Hensley; and Investigating Officer John Doe. [Id. at 3]. Plaintiff alleged that Defendants violated his

Fourteenth Amendment due process rights relative to a disciplinary charge. [Id. at 1]. Plaintiff's Complaint failed initial review as further set forth in the Court's Order. [Doc. 6].

Now pending for initial review is Plaintiff's Amended Complaint. [Doc. 7]. He again names Shane LNU, FNU Hensley, FNU Lowman, and a "John/Jane Doe" Disciplinary Investigating Officer as Defendants. He also names Randy S. Mull, Disciplinary Hearing Officer, as a Defendant. [Id. at 2-3, 12-13]. He alleges as follows.

Plaintiff alleges that on May 8, 2026, Officer Gragg searched cell EU3A-005 and discovered papers later described as gang-related. [Id. at 15]. The related Incident Report incorrectly noted that Plaintiff was assigned to that cell. [Id.]. Plaintiff, however, was assigned to cell DU3N-005 at that time. [Id.]. Plaintiff was not moved to cell EU3A-005 until May 14, 2026. [Id.].

On June 12, 2026, Unit Manager Price informed the Plaintiff that he had been charged with a major disciplinary offense that was referred to a DHO and provided Plaintiff with a copy of the Incident Report. [Id.]. The "investigating officer," presumably Defendant John/Jane Doe, intentionally failed to interview the Plaintiff and to present him with the DC-138A notice of rights form or the DC-138B, which is used to present and request evidence

and witnesses to refute disciplinary charges. [Id. at 15-16]. Plaintiff was not presented with these forms and did not refuse to sign them. Nonetheless, Defendants Hensley and Lowman falsely claimed that they witnessed Plaintiff's refusal. [Id. at 16]. These false statements prevented Plaintiff from making a statement at the disciplinary hearing, requesting and presenting evidence, and attending the hearing when he attempted to participate. [Id. at 18]. Defendant John/Jane Doe submitted or recorded this false paperwork. [Id.].

Without a chance to make a statement or request evidence during the investigation, Plaintiff could not explain the cell assignment error or request the housing assignment records showing that he was not assigned to Cell EU3A-005 on May 8, 2026. [Id.]. Moreover, he could not request surveillance footage of the area outside his cell showing he did not make the alleged refusals. [Id. at 16-17].

On June 15, 2026, at approximately 6:30 a.m., Defendant Shane LNU came to Plaintiff's cell and asked whether he wished to attend the disciplinary hearing. Plaintiff responded that he did, and Defendant Shane LNU stated he would return to escort Plaintiff to the hearing. Defendant Shane LNU, however, never returned and no other correctional officer escorted Plaintiff to the hearing. [Id. at 17]. Defendant Mull conducted the hearing without the

Plaintiff present and without hearing Plaintiff's evidence. Defendant Mull found him guilty of the charged offense based on the reporting officer's statement and the investigating officer's report. [Id.]. "Sergeant" delivered the "guilty decision paperwork" to the Plaintiff later that day. [Id.]. It stated that Plaintiff refused to sign and complete the DC-138 forms. [Id. at 18].

Later that afternoon, Defendant Hensley delivered paperwork to the Plaintiff indicating that Plaintiff had already been found guilty. [Id. at 6]. The disciplinary decision indicated that Plaintiff was found guilty based on the reporting officer's statement and the investigating officer's report. [Id. at 6-7]. The disciplinary paperwork also falsely indicated that Plaintiff refused to sign or complete the DC-138 forms and that Defendants Hensley and Lowman witnessed those refusals. [Id. at 7]. Had Plaintiff been allowed to participate in the disciplinary process, he would have obtained and presented evidence that he was not housed in EU3A-005 on the date of the search. [Id. at 8].

Plaintiff claims violation of his Fourteenth Amendment due process rights. [Id. at 3]. Plaintiff alleges that he was subject to various sanctions due to the disciplinary conviction, including 20 days in Restrictive Housing for Disciplinary Purposes (RHDP), a $10.00 fine, 50 hours extra duty, lost privileges, and a gang-affiliation designation. [Id. at 5]. For relief, Plaintiff

seeks return of the $10.00 fine, punitive damages, and court costs. [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious[,] fails to state a claim on which relief may be granted [or] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan,

526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166, 143 S.Ct. 1444 (2023).

Prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974) (citing Morrissey v. Brewer, 408 U.S. 471, 488 (1972)). Where a prison disciplinary hearing may result in loss of good time credits or solitary confinement, however, an inmate is entitled to certain due process protections. These include: (1) advance written notice of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. See Wolff, 418 U.S. at 564-71. There is no constitutional right, however, to confront and cross-examine witnesses or to retain and be appointed counsel. See Baxter v. Palmigiano, 425 U.S. 308, 322 (1976); Brown v. Braxton, 373 F.3d 501, 505-06 (4th Cir. 2004). If the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. See Baxter, 425 U.S. at 323 n.5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based on "some evidence." Superintendent, Mass. Corr. Inst. v. Hill, 472

U.S. 445, 455 (1985).

Taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff's due process claim against Defendants Mull, Hensley, Lowman, and John/Jane Doe survive initial review as not clearly frivolous. Plaintiff, however, has failed to state a claim against Defendant Shane LNU. As before, Defendant's Shane LNU's failure to retrieve Plaintiff for the hearing under the circumstances alleged does not make out a Fourteenth Amendment due process claim.

Additionally, the body of the Complaint contains allegations against individuals who are not named as defendants in the caption. Federal Rule of Civil Procedure 10(a) states: "The title of the complaint must name all the parties." Generally, failure to comply with procedural rules would warrant dismissal or other penalties. Pro se plaintiffs, "like all other litigants ... must comply with substantive and procedural ... rules." U.S. v. Beckton, 740 F.3d 303, 306 (4th Cir. 2014). However, "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Hammock v. Watts, 146 F.4th 349, 360 (4th Cir. 2025) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)); see Gowen v. Winfield, 130 F.4th 162, 171 (4th Cir. 2025) (mandating even greater leniency when "an action implicates a civil rights interest").

District courts are not required "to assume the role of advocate for the pro se plaintiff," King v. Rubenstein, 825 F.3d 206, 225 (4th Cir. 2016), nor must they carefully comb through every line searching for all possible defendants. However, "where an incarcerated, civil rights plaintiff files a pro se complaint using a court-issued form, district courts have a duty to examine its contents thoroughly." Nichols v. Bumgarner, 173 F.4th 511, 519 (4th Cir. 2026).

Having reviewed the Amended Complaint carefully, there are no indications that the Plaintiff seeks relief regarding the actions of any persons not named as Defendants in the caption. Therefore, pursuant to Rule 10(a), the Court will dismiss those individuals as defendants. See id.

## IV. CONCLUSION

In sum, Plaintiff's Fourteenth Amendment due process claim against Defendants Mull, Hensley, Lowman, and John/Jane Doe survives initial review. Plaintiff, however, has failed to state a claim against Defendant Shane LNU and he will be dismissed.

Before the Court can facilitate service on Defendant John/Jane Doe, Plaintiff must identify this Defendant. The Court will order Plaintiff to identify Defendant John/Jane Doe within 21 days of this Order. If Plaintiff is unable to identify this Defendant by name, he must submit any and all information

he knows that may assist in their identification by the North Carolina Attorney General's Office. **Plaintiff's failure to timely identify this Defendant or otherwise comply with this Order may result in dismissal of this Defendant without prejudice**.

## ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff's Fourteenth Amendment due process claim against Defendants Mull, Hensley, Lowman, and John/Jane Doe passes initial review in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Defendant Shane LNU is hereby **DISMISSED** as a Defendant in this matter for Plaintiff's failure to state a claim for relief against him.

**IT IS FURTHER ORDERED** that Plaintiff shall identify Defendant John/Jane Doe within 21 days of this Order in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Mull, Hensley, and Lowman, who are alleged to be current or former employees of the North Carolina Department of Adult Correction.

The Clerk is also instructed to mail Plaintiff an Opt-In/Opt-Out form pursuant to Standing Order 3:19-mc-00060-FDW.

**IT IS SO ORDERED**.

Signed: November 9, 2026

Martin Reidinger
Chief United States District Judge